# Steverson & Herzfeld *v.* Davis, *et al.*

## *Assumpsit.*

(Decided Nov. 11, 1909.  50 South. 1023.)

1. *Logs and Logging; Sale of Standing Timber; Construction of Contract.*—Where the contract for sale of standing timber provided that for the sum of $500.00 the purchaser was to have all the white oak, poplar and best red oak trees on the land suitable to make good and sound lumber that would square ten inches at the little end, each tree to be. counted at 50 cents, and if there were not trees enough of the proper size to amount to $500.00 at 50 cents per tree, the purchaser could cut such timber as he desired to make up for the deficiency, counting it.in proportion to the other timber, if there was a deficiency of timber squaring ten inches, the seller had the option of returning a proportion of the money received, but the purchaser was only entitled to cut other timber in such case, and could not enforce the option to have the money returned.

2. *Appeal and Error; Harmless Error; Pleading and Evidence.*— Where the action was on a contract which furnished plaintiff no basis for a recovery error as to pleadings and evidence are harmless.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by Steverson & Herzfeld and others against Jonathan Davis and others. Judgment for defendant and plaintiffs appeal. Affirmed.

The contract alluded to in the opinion is as follows: "State of Alabama, Tallapoosa County. Know all men by these presents, that for and in consideration of $500 in hand paid us by J. M. Steverson, the receipt whereof we do hereby acknowledge, we do hereby give, grant, bargain, sell, enfeoff, and confirm unto the said J. M. Steverson all the white oak and poplar and the best red oak that is suitable to make sound and good lumber, all that will square 10 inches at the little end, and each tree to be counted in size as above, at 50 cents; each growing and being upon the following described land, lying in the county of Tallapoosa, state of Ala-

bama, to wit: (Here follows description of the land.)
The said J. M. Steverson shall have full right and un-
limited egress and ingress upon said lands for the pur-
pose of moving said timber until December 25, 1908,
and shall have the right to open roads upon, over, and
across said lands, and also the rights of mill seats when
desired by J. M. Steverson, and the right to move all
buildings and timber upon said land, and in the event
there is not enough timber on the described land that
will square 10 inches at the little end, oak and poplar
as above described, to the amount of $500 at 50 cents
per tree, then we agree to let J. M. Steverson cut such
timber as he wishes off the above-described land, count-
ing it in proportion to the other timber. In case we
prefer, we have the right to pay him cash. Should there
be more timber than will square 10 inches, on the said
land, than said Steverson has paid for, then said Stever-
son is to pay the balance that might be due after it is
cut. We also grant right of hauling other timber
across said land in case J. M. Steverson plants a mill
on said land. (Here follows the habendum clause and
covenant of title as to the lands on which the timber is
situated.)" This contract was transferred to Steverson
& Herzfeld.

D. H. RIDDLE, for appellant.—Counsel discusses the
pleading and the evidence and cites authority in sup-
port of his contention, but it is not deemed necessary
to set them out. As to the proper construction of
the contract and the right of the plaintiffs to recover
as for the deficiency in the timber at the rate fixed in
the contract, counsel cite *Minge v. Smith*, 1 Ala. 416;
*Wright v. Wright*, 34 Ala. 194; *Libbey v. Dickey*, 85
Me. 362; *Board v. Wilson*, 34 W. Va. 609.

[Steverson & Herzfeld v. Davis, et al.]

J. P. OLIVER, JAMES W. STROTHER, and T. L. BUL-
GER, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This is an action by the appellants
against the appellees, the basis of which is the contract
copied in the statement of the case by the reporter. A
number of questions are raised on the pleading and on
the sustaining of objections to evidence.

The plaintiffs base their claim on the contention that
the contract of sale of the timber was at so much per
thousand feet of timber, and, as there was not enough
timber on the land to make the amount of $500, which
was paid, the plaintiffs are entitled to recover the dif-
ference. An inspection of the contract (made "Exhib-
it A" to the complaint) shows·that "in consideration
of $500" cash, "in hand paid, the receipt whereof" is
acknowledged, the defendants sold to the plaintiffs "all
the white oak and poplar and the best red oak that is
suitable to make sound and good timber, all that will
square 10 inches at the little end," and then states:
"And each tree to be counted in size as above at 50
cents." After describing the plaintiffs' rights of in-
gress and egress, etc., the contract states that, "in the
event there is not enough timber on the above-describ-
ed lands that will square 10 inches at the little end,
oak and poplar as described above, to the amount of
$500 at 50 cents per each tree, then we agree to let J.
M. Steverson cut such timber as he wishes off the
above-described land, counting it in proportion to the
other timber."

No provision is made for the payment of anything,
in case the entire timber on the land does not at such
rate, amount to $500. While the defendants reserve
the option to pay in cash, rather than have the small
timber cut, yet they do not assume any obligation to do

so. While the parties both evidently thought that there was at least $500 worth of timber on the land, yet there was no warranty to that effect, and no agreement to return any part of the money in case they should be mistaken in the matter. The sale of the timber was simply for the $500, and the seller protected himself against the contingency of there being more 10-inch timber than would amount to that, yet the purchaser did not protect himself against a mistaken calculation in the other direction, except to the extent of reserving the right to cut the small timber.

· The contract furnishes no basis for a recovery by the plaintiffs, and, that being the case, the questions of pleading and evidence are immaterial, as, in any event, the defendants were entitled to the general affirmative charge, which was given by the court. The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.